HARRY W. VANDEVER, d. b., a., *vs.* THE STATE OF DELAWARE,
p. b., r.

New Castle County, February Term, 1894.

**Criminal Law. Trespass. Justice of the Peace. Certiorari.**—In a complaint preferred before a Justice of the Peace under the statute against wilfully entering into, upon, or trespassing upon the ways, lands or premises of another, the word "wilfully" is a matter of substance and of the essence of the crime charged and must be set forth in the complaint and shown in the transcript and proceedings.

This was a *certiorari* from the record of Charles H. McWhorter, a Justice of the Peace for New Castle County. The complaint upon which the warrant was issued was as follows:

"On this 12th day of June, A. D. 1893, personally appeared Charles E. Barrett, of New Castle Hundred, in the County of New Castle, and State of Delaware, who, being by me duly sworn according to law, deposes and says that a certain Harry W. Vandever, of Wilmington Hundred, in said county, did at New Castle Hundred aforesaid, on the ninth day of June, A. D. 1893, commit a trespass upon the ways, lands and premises of the said Charles E. Barrett, after being forewarned, by entering thereon and assuming forcible possession thereof, and against the law, peace and dignity of the said State."

The defendant below was convicted of committing a nuisance in violation of Ch. 190, Vol. 19 of Delaware Laws. The exception on which the case turned was that the record did not show that he was charged with having *wilfully* commited the trespass.

*Ward*, for defendant below.

*Rodney*, for plaintiff below,

LORE, C. J., delivered the opinion of the Court.
The constitution requires that the defendant shall be fully in-

formed of the offence against him, and this statute under which he is convicted says:

"That if any person shall *wilfully* enter into, upon, or trespass upon the ways, lands, or premises of another in this State, he shall be guilty of a nuisance."

It seems to us that the word *wilful* is a substantial element of the crime, and necessary to be set forth in terms.

The only doubt which was suggested during the argument was occasioned by the terms of section 2 of chapter 97, Revised Code, which provides that:

"Justices of the Peace may issue all writs, warrants and processes proper to carry into effect the powers granted to them; and when no form is prescribed by statute, they shall frame one in conformity with the law, in substance; and, when substantially right, such process shall not be invalid for any defects in form."

We think that the word wilful is not a matter of form; it is a matter of substance, of the essence of the crime charged, and ought to be set forth in the complaint and shown in the transcript and in the proceedings. While this is not an indictment, and the statute would cure all mere matters of form, yet there must be alleged in substance sufficient to meet the statutory provision, and it is necessary to set forth in these proceedings every substantial matter with the same certainty which would be required in an indictment. There would be no other safe rule.

We think, therefore, that this judgment ought to be reversed.